UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------x
:
CLARENCE HYLTON,           :        3:21 CV 1414 (VAB)
*Plaintiff*                :
                           :
v.                         :
                           :
DAVID STROLLO,             :
*Defendant*                :        NOVEMBER 8, 2021
                           :
-----------------------------------------------x

RULING ON THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND RULING RECOMMENDING DISMISSAL

On October 25, 2021, the plaintiff Clarence Hylton commenced this action, *pro se*, against Connecticut States Attorney David Strollo, alleging that the defendant falsely charged, arrested, and incarcerated the plaintiff based on an October 30, 2019 vehicular collision wherein one person died. (Doc. No. 1 at 6). The plaintiff claims that his toxicology report on December 9, 2019 "cleared [him] of any [wrongdoing] as far as alcohol or drugs were concern[ed]," but that he was still arrested and incarcerated on November 1, 2020 for being "twice the legal limit" based on "false evidence." (*Id.*). On October 27, the Court (Bolden, J.) referred to the undersigned the plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and the initial review of the complaint. (Doc. No. 6).

For the following reasons, the Court recommends that the plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) be **GRANTED**, but that the case be **DISMISSED** with prejudice.

I.      LEGAL STANDARD

Section 1915 provides, in relevant part:

[A]ny court of the United States may authorize the commencement of any suit . . . without prepayment of fees or security therefor, by a person who submits an

>affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The same statute that authorizes the Court to grant *in forma pauperis* status to a plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II.   FINANCIAL AFFIDAVIT

Turning to the first step in the two-step process of review, the Court concludes that the plaintiff has established indigency. (*See* Doc. No. 2). The Court determines whether an applicant is indigent by reviewing the applicant's assets and expenses as stated on a declaration submitted with the motion to proceed *in forma pauperis*. The plaintiff, through his financial affidavit and the attachments therein, has demonstrated to the Court an inability to pay for the commencement of this action. Accordingly, the plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**.

## III.   MERITS OF THE COMPLAINT

Turning next to the merits of the complaint, the Court recommends that this matter be dismissed with prejudice because the Court lacks subject matter jurisdiction and the plaintiff's claim does not state a claim upon which relief can be granted.

The plaintiff alleges that he was falsely arrested in connection with a fatal vehicular collision. Specifically, he claims that the was "cleared of any [wrongdoing] as far as alcohol or drugs were concern[ed]" and that toxicology results from the December 9, 2019 report "indicated volatile analysis were reported AS NOT DETECTED[,] NEGATIVE." (Doc. No 1 at 6) (emphasis in original).

As a threshold matter, the Court must recommend dismissal because it lacks subject matter jurisdiction over the plaintiff's claim. Although the plaintiff correctly notes that the Court's federal question jurisdiction is invoked because he brings his claim pursuant to 42 U.S.C. § 1983, *see* 28 U.S.C. § 1331, the defendant is entitled to absolute immunity from suit and, consequently, the Court lacks subject matter jurisdiction. *See Kalman v. Carre*, 352 F. Supp. 2d 205, 207 (D. Conn. 2005) ("If an official is entitled to [absolute] immunity, there can be no finding that liability attaches to him or her. Furthermore, where a defendant is immune from suit, this court lacks subject matter jurisdiction."). "A state prosecutor who acts within the scope of his duties in initiating and pursuing a criminal prosecution is not subject to suit under 42 U.S.C. § 1983. . . The purpose of providing absolute immunity is to protect prosecutors from harassing litigation that would divert them from their official duties . . ." *Sheehan v. Colangelo*, 27 F. Supp. 2d 344, 344-45 (D. Conn. 1998). The plaintiff brings this Section 1983 claim against a state prosecutor who is alleged to have been acting within the scope of his duties. Thus, the plaintiff's claims are barred by absolute immunity

Moreover, in addition to bringing suit against an individual who is absolutely immune from liability, the plaintiff also fails to state a claim upon which relief can be granted. The plaintiff's entire lawsuit appears to be based on a toxicology report, which is attached to his complaint. That report clearly indicates a conclusion that the amount of ethanol in the plaintiff's blood, by weight, was 0.167g%, with an uncertainty of plus or minus 0.010g%, or a range of 0.157g%-0.177g%. (Doc. 1 at 8). The relevant state statute provides as follows:

> No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle . . . while such person has an elevated blood alcohol content. For the purposes of this section, "elevated blood alcohol content" means a

3

>ratio of alcohol in the blood of such person that is *eight-hundredths of one per cent or more of alcohol, by weight . . .*

CONN. GEN. STAT. § 14-227a(a) (emphasis added). The plaintiff alleges that the prosecutor states that his blood-alcohol content was "twice the legal limit" (Doc. No. 1 at 6), which is exactly what the toxicology report indicates. Moreover, the plaintiff has not provided any factual allegations in his complaint beyond what is contained in toxicology report.

A valid complaint must "raise a right to relief above the speculative level" by stating "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see generally* FED. R. CIV. P. 8(a)(2). A claim is "facially plausible" where the factual content of said claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is not to say that a valid complaint requires "detailed factual allegations." *Twombly*, 550 U.S. at 570. Indeed, *pro se* complaints are read "liberally" and "interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted)). However, the plaintiff must "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). This is known as "fair notice," and is defined as notice "which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so that it may be assigned the proper form of trial." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (additional citations and internal quotations omitted)). Here, the plaintiff has not provided any facts pertaining to how the toxicology report exonerated him or how evidence was

falsified. The claim is thereby frivolous, as the Second Circuit has found actions "frivolous" where, *inter alia*, a dispositive defense clearly exists on the face of the complaint. *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotations omitted); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

Additionally, under Section 1915(e)(2), the Court has the authority to dismiss claims based on "an indisputably meritless legal theory." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal is appropriate here because any amendment of the Complaint would be futile. *See, e.g., Seniw v. Town of Fairfield Police Dep't & John Doe*, No. 3:18CV00813(JCH), 2018 U.S. Dist. LEXIS 220751, at *5 (D. Conn. July 2, 2018) (citing *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.")). Accordingly, the Court recommends that the complaint be **DISMISSED**, with prejudice. *See* 28 U.S.C. §§1915(e)(2)(B)(i) and (ii).

IV. <u>CONCLUSION</u>

For the reasons stated above, the Court respectfully recommends that the plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) be **GRANTED**. Despite the mandate to proceed with caution and leniency when considering whether to dismiss a case under Section 1915(e), the Court recommends that the Complaint be **DISMISSED**, with prejudice, pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and (ii).

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being

served with this order. *See* FED. R. CIV. P. 72(b)(2). Failure to object within fourteen (14) days will preclude appellate review. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e); D. CONN. L. CIV. R. 72.2; *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam); *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

      Dated at New Haven, this 8th day of November 2021.

                                              <u>/s/ Robert M. Spector, USMJ</u>
                                                Robert M. Spector
                                                United States Magistrate Judge